1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   SHANE STEVEN JOHNSON,                     Case No.  1:21-cv-01066-EPG

12             Plaintiff,

13        v.                                   ORDER GRANTING LEAVE TO FILE
                                               SUPPLEMENTAL BRIEFING IN SUPPORT
14   COMMISSIONER OF SOCIAL                     OF MOTION FOR SUBSTITUTION OF
     SECURITY,                                 PARTY PURSUANT TO FED. R. CIV. P.
15                                             25(a)
             Defendant.
16                                             (ECF No. 10)

17

18
          Plaintiff Shane Steven Johnson ("Plaintiff"), proceeding through counsel, initiated this
19
     action on July 7, 2021, seeking review of the Commissioner of Social Security's decision denying
20
     Plaintiff's application for disability insurance benefits and supplemental security income benefits.
21
     (ECF No. 1.)
22
          On September 17, 2021, Plaintiff's counsel filed a notice that Plaintiff died on August 16,
23
     2021. (ECF No. 7.) On September 28, 2021, Plaintiff's counsel filed a motion seeking to
24
     substitute Plaintiff's mother, Tonya Arrasmith, as the plaintiff in this action pursuant to Federal
25
     Rule of Civil Procedure 25(a). (ECF No. 10.)
26
          Rule 25(a)(1) provides:
27
          If a party dies and the claim is not extinguished, the court may order substitution
28        of the proper party. A motion for substitution may be made by any party or by the

                                              1

decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Therefore, in evaluation a motion under Rule 25(a)(1), the Court must consider whether: 1) the motion is timely; 2) the claims pled are extinguished; and 3) the person being substituted is a proper party. *Maseda v. Saul,* 2021 WL 2268871, at *1.

Under the Social Security Act, certain survivors may be entitled to posthumous payments of benefits. *See* 42 U.S.C. § 1383(b)(1)(A); 20 C.F.R. §§ 404.503, 416.542(b). However, supplemental security income payments may only be paid to an eligible surviving spouse. *Maseda,* 2021 WL 2268871, at *1 (citing 20 C.F.R. § 416.542(b)),

Plaintiff's complaint states that he applied for both disability insurance benefits and supplemental security income. (*See* ECF No. 1.) The motion does not address whether Plaintiff's claims are extinguished or the distinction in benefits. The Court will therefore grant Ms. Arrasmith leave to file supplemental briefing in support of the motion addressing whether Plaintiff's claims are extinguished.

Additionally, Rule 25(a)(1) requires that the person to be substituted is Plaintiff's successor in interest or legal representative. *See Mallonee v. Fahey,* 200 F.2d 918, 919 (9th Cir. 1952) ("It is plain . . . that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it.") (footnote omitted).

The motion represents that Plaintiff was unmarried at the time of his death, Ms. Arrasmith is Plaintiff's mother, and Ms. Arrasmith is the person with highest priority under 20 C.F.R. 404.503(b)(2), which provides for distribution of underpayments where an individual dies before receiving payment. However, this regulation identifies children of the deceased as higher priority than parents of the deceased. The motion does not state whether Plaintiff had children at the time of his death, or whether there are any other proper legal representatives. Further, 20 C.F.R. 404.503(b)(2) concerns underpayments of disability insurance benefits and does not address supplemental security income payments. Therefore, the Court will also grant Ms. Arrasmith leave to file supplemental briefing regarding whether she is the proper party to be substituted for

2

Plaintiff's claims for disability insurance benefits and supplemental security income benefits.

In light of the foregoing, IT IS HEREBY ORDERED that, within thirty (30) days of this order, Ms. Arrasmith may file supplemental briefing addressing whether Plaintiff's claims are extinguished and whether Ms. Arrasmith is the proper party to be substituted as described above.[1] Any supplemental briefing shall be served on the Commissioner pursuant to Rule 25(a)(3).

IT IS SO ORDERED.

Dated:   **November 5, 2021**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Ms. Arrasmith may file a request for an extension of time to submit his supplemental briefing if necessary.