UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE STEVEN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-01066-EPG<br><br>ORDER GRANTING IN PART MOTION FOR SUBSTITUTION OF PARTY PURSUANT TO FED. R. CIV. P. 25(a)<br><br>(ECF No. 10) |

Plaintiff Shane Steven Johnson ("Plaintiff"), proceeding through counsel, initiated this action on July 7, 2021, seeking review of the Commissioner of Social Security's decision denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. (ECF No. 1.)

**I.    BACKGROUND**

On September 17, 2021, Plaintiff's counsel filed a notice that Plaintiff died on August 16, 2021. (ECF No. 7.) Plaintiff's counsel served the motion on the Commissioner by U.S. Mail on September 22, 2021. (ECF No. 9.) On September 28, 2021, Plaintiff's counsel filed a motion seeking to substitute Plaintiff's mother, Tonya Arrasmith, as the plaintiff in this action pursuant to Federal Rule of Civil Procedure 25(a). (ECF No. 10.) On November 5, 2021, the Court entered an order granting Ms. Arrasmith leave to file supplemental briefing addressing whether Plaintiff's

1

claims are extinguished and whether Ms. Arrasmith is the proper party to be substituted. (ECF No. 13.) On December 6, 2021, Ms. Arrasmith filed her supplemental brief, along with a proof of service on the Commissioner by U.S. Mail . (ECF Nos. 14, 15.)

## II.     LEGAL STANDARDS

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  Therefore, in evaluation a motion under Rule 25(a)(1), the Court must consider whether: 1) the motion is timely; 2) the claims pled are extinguished; and 3) the person being substituted is a proper party. *Maseda v. Saul,* 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).

## III.    DISCUSSION

First, the motion is timely. The statement noting Plaintiff's death was served on the Commissioner on September 22, 2021, and the motion was filed on October 1, 2021, which was fewer than 90 days later. (ECF Nos. 9, 10.)

Second, as to whether the claims pled are extinguished, Plaintiff's complaint states that he applied for both disability insurance benefits and supplemental security income. (*See* ECF No. 1.) Under the Social Security Act, certain survivors may be entitled to posthumous payments of benefits. *See* 42 U.S.C. § 1383(b)(1)(A); 20 C.F.R. §§ 404.503, 416.542(b). However, supplemental security income payments may only be paid to an eligible surviving spouse. *Maseda,* 2021 WL 2268871, at *1 (citing 20 C.F.R. § 416.542(b)). Here, Ms. Arrasmith's supplemental briefing concedes that Plaintiff was unmarried at the time of his death and only his disability insurance benefits claim survives. (ECF No. 14 at 2-3.) Thus, Plaintiff's claim for supplemental security income is extinguished but his claim for disability insurance benefits remains.

Third, the Court considers whether Ms. Arrasmith is the proper party to be substituted. Rule 25(a)(1) requires that the person to be substituted is Plaintiff's successor in interest or legal

representative. *See Mallonee v. Fahey,* 200 F.2d 918, 919 (9th Cir. 1952) ("It is plain . . . that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it.") (footnote omitted).

Here, the motion and supplemental briefing represent that Plaintiff was unmarried and had no children at the time of his death and Ms. Arrasmith is Plaintiff's parent. (ECF Nos. 10, 14.) Thus, Ms. Arrasmith is the individual with the highest priority under 20 C.F.R. 404.503(b)(2), which provides for distribution of underpayments where an individual dies before receiving payment. Accordingly, the Court finds that Ms. Arrasmith is the proper party to be substituted for Plaintiff's disability insurance claim.[1]

In light of the foregoing, Ms. Arrasmith has established that substitution is appropriate under Rule 25(a)(1) as to Plaintiff's disability insurance benefits only. The Court will thus grant the motion for substitution as to Plaintiff's claim for disability insurance benefits and will deny the motion as to Plaintiff's supplemental security income claim.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion to substitute Tonya Arrasmith as plaintiff in this action (ECF Nos. 10, 14) is GRANTED IN PART as to Shane Steven Johnson's claim for disability insurance benefits and DENIED as to Shane Steven Johnson's claim for supplemental security income; and

2. The Clerk of Court is directed to add Tonya Arrasmith as a plaintiff on the docket.

IT IS SO ORDERED.

Dated:   **January 24, 2022**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Because supplemental security income payments may only be paid to a surviving spouse as discussed above, Ms. Arrasmith is not a proper party for the Title XVI claim.

3