UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE STEVEN JOHNSON, et al.,<br><br>    Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:21-cv-01066-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF SHANE STEVEN JOHNSON'S SUPPLEMENTAL SECURITY INCOME CLAIM BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

   Plaintiff Shane Steven Johnson ("Plaintiff Johnson"), proceeding through counsel, initiated this action on July 7, 2021, seeking review of the Commissioner of Social Security's decision denying his application for disability insurance benefits and supplemental security income benefits. (ECF No. 1.) Plaintiff Johnson died on August 16, 2021, and Tanya Arrasmith ("Plaintiff Arrasmith") has been substituted as plaintiff for Plaintiff Johnson's disability insurance benefits claim. For the following reasons, the Court recommends that Plaintiff Johnson's supplemental security income claim be dismissed.

///

///

///

**I.     LEGAL STANDARDS**

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

**II.    DISCUSSION**

Plaintiff's counsel filed a notice of Plaintiff's death with the Court on September 17, 2021, and served it on the Commissioner on September 22, 2021. (ECF Nos. 7, 9.) On September 28, 2021, Plaintiff Arrasmith filed a motion seeking to substitute her as the plaintiff in this action pursuant to Federal Rule of Civil Procedure 25(a). (ECF No. 10.)

On January 25, 2022, the Court entered an order granting Plaintiff Arrasmith's motion as to Plaintiff Johnson's claim for disability insurance benefits but denying the motion as to Plaintiff's supplemental security income claim. (ECF No. 16.) Specifically, Plaintiff Arrasmith's motion was denied as to the supplemental security income claim because those payments may only be paid to an eligible surviving spouse, and Plaintiff Johnson was unmarried at the time of his death. (ECF No. 16 at 2-3.) *Maseda v. Saul*, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021) (citing 20 C.F.R. § 416.542(b)).

As more than 90 days has elapsed since the date of service of the statement noting Plaintiff Johnson's death and a motion for substitution of the proper party for Plaintiff Johnson's supplemental security income claim has not been filed, the Court recommends dismissing the supplemental security income claim.

**III.   RECOMMENDATION AND ORDER**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff Shane Steven Johnson's claim for supplemental security income benefits be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

    Additionally, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **January 25, 2022**         /s/ *Erica P. Grosjean*
                                                          UNITED STATES MAGISTRATE JUDGE